1  Yaw-Jiun (Gene) Wu (# 228240)
     gwu@afrct.com
2  D. Dennis La (# 237927)
     dla@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Telephone:  (626) 535-1900
   Facsimile:   (626) 577-7764
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A., successor
   by merger with Wells Fargo Bank
8  Southwest, N.A., f/k/a Wachovia Mortgage,
   FSB, f/k/a World Savings Bank, FSB
9  ("Wells Fargo"), erroneously sued herein as
   "WELLS FARGO HOME MORTGAGE,
10 INC., a division of WELLS FARGO BANK
   N.A., as successor to WACHOVIA
11 CORPORATION."

12                UNITED STATES DISTRICT COURT

13                EASTERN DISTRICT OF CALIFORNIA

14

15 TRISHA HINES, an individual and borrower,    | Case No.:   2:14-CV-01386-JAM-KJN

16                Plaintiff,                     | [Assigned to the Hon. John A. Mendez, Courtroom 6]

17                                               | **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS**
   v.                                            | **COMPLAINT; MEMORANDUM OF**
18                                               | **POINTS AND AUTHORITIES**

19 WELLS FARGO HOME MORTGAGE, INC.,              | **[Filed Concurrently With Request For**
   a division of Wells Fargo Bank, N.A., as      | **Judicial Notice]**
20 successor to WACHOVIA CORPORATION,

21                Defendants.                    | Date:      August 20, 2014
                                                 | Time:      9:30 a.m.
22                                               | Ctrm:      6, 14th Floor

23

24        TO PLAINTIFF, HER COUNSEL, AND THE HONORABLE COURT:

25        PLEASE TAKE NOTICE that on August 20, 2014, at 9:30 a.m. in Courtroom 6 of the

26 above-entitled Court, the Hon. John A. Mendez, presiding, defendant Wells Fargo Bank, N.A.,

27 successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB,

28 f/k/a World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 complaint filed by plaintiff Trisha Hines pursuant to Federal Rules of Civil Procedure 12(b)(6)

2 and 9(b).  Grounds for the motion are:

3     **First Claim for Relief: Fraud In The Inducement;**

4     **Second Claim for Relief: Fraud In The Concealment; and**

5     **Seventh Claim for Relief: Intentional Misrepresentation.**

6     Plaintiff fails to state a claim for relief because: (i) the claims are time-barred; (ii) the

7 pleadings lack the requisite specificity pursuant to Rule 9(b); (iii) as a matter of law, a lender

8 does not guarantee a borrower's ability to repay a loan; and (iv) Wells Fargo does not owe a

9 legal duty to plaintiff as a matter of law.

10     **Third Claim for Relief: Unfair Business Practices (Violation of Business and**

11     **Professions Code § 17200).**

12     Plaintiff fails to state a claim for relief because: (i) the claim is time-barred; (ii) plaintiff

13 lacks standing to bring a claim under Business & Professions Code; and (iii) the pleadings fail to

14 allege a predicate unfair business act of Wells Fargo.

15     **Fourth Claim for Relief: Breach of Covenant of Good Faith & Fair Dealing.**

16     Plaintiff fails to state a claim for relief because: (i) the claim is time-barred; (ii) as a

17 matter of law, a lender does not guarantee a borrower's ability to repay a loan; (iii) it is

18 precluded by the statute of frauds; and (iv) no implied covenant is alleged in the pleadings.

19     **Fifth Claim for Relief: Negligence.**

20     Plaintiff fails to state a claim for relief because: (i) the claim is time-barred; and (ii) Wells

21 Fargo does not owe a legal duty to plaintiff as a matter of law.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

CASE NO. 2:14-CV-01386-JAM-KJN
WELLS FARGO'S MOTION TO DISMISS

**Sixth Claim for Relief: Promissory Estoppel.**

Plaintiff fails to state a claim for relief because: (i) the claim is time-barred; (ii) no clear and/or unambiguous promise is alleged in the pleadings; and (iii) plaintiff fails to plead any detrimental reliance or injury.

Respectfully submitted,

Dated: June 16, 2014

ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP

By:  ___/s/ D. Dennis La_____
    D. Dennis La
    dla@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
f/k/a Wachovia Mortgage, FSB, f/k/a World
Savings Bank, FSB ("Wells Fargo")

Anglin Flewelling Rasmussen Campbell & Trytten LLP

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

1.   INTRODUCTION ........................................................................................1

2.   SUMMARY OF PLEADINGS AND JUDICIALLY NOTICEABLE
     DOCUMENTS............................................................................................1

     A.    The Loan. ........................................................................................1

     B.    Plaintiff's Default and Non-Judicial Foreclosure Proceedings............2

     C.    Plaintiff's Claims. ............................................................................2

3.   STANDARD GOVERNING MOTION .......................................................2

4.   PLAINTIFF'S CLAIMS DISPUTING THE MODIFICATION
     AGREEMENT ARE NOT ACTIONABLE AS A MATTER OF LAW ..........3

     A.    A Lender Does Not Guarantee A Borrower's Ability To Meet Her
           Loan Obligations..............................................................................3

     B.    Wells Fargo Does Not Owe A Legal Duty Of Care To Plaintiff............4

     C.    The Modification Agreement Belies Plaintiff's Allegations. .................5

5.   PLAINTIFF'S CLAIMS ARE TIME-BARRED..........................................6

6.   ALL OF THE CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW........7

     A.    First Claim for Relief: Fraud In The Inducement;
           Second Claim for Relief:  Fraud In The Concealment;
           Seventh Claim for Relief:  Intentional Misrepresentation. ....................7

     B.    Third Claim for Relief: Unfair  Business Practices (Violation of
           Business and Professions Code § 17200). ............................................8

     C.    Fourth Claim for Relief: Breach of Covenant of Good Faith & Fair
           Dealing...........................................................................................10

     D.    Fifth Claim for Relief: Negligence. ..................................................11

     E.    Sixth Claim for Relief: Promissory Estoppel......................................11

7.   CONCLUSION..........................................................................................14

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................................2, 3

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................................2, 3

*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994) ...........................................................................................5

*Cabanilla v. Wells Fargo,*
    2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) .........................................9

*Chabner v. United Omaha Life Ins. Co.,*
    225 F.3d 1042 (9th Cir. 2000) .......................................................................................9

*Crews v. Wachovia Mortg. Corp.,*
    2010 U.S. Dist. Lexis 776600 .....................................................................................13

*DeLeon v. Wells Fargo Bank, N.A.,*
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ........................................................................9

*Gerbery v. Wells Fargo Bank, N.A.,*
    2013 U.S. Dist. LEXIS 107744 (S.D. Cal. July 31, 2013) .........................................13

*Harrell v. 20th Century Ins. Co.,*
    934 F.2d 203 (9th Cir. Cal. 1991)..................................................................................6

*Marder v. Lopez,*
    450 F.3d 445 (9th Cir. 2006) .........................................................................................5

*Nong v. Wells Fargo Bank, N.A., et al.,*
    2010 U.S. Dist. Lexis 136464 ................................................................................12, 13

*Parrino v. FHP, Inc.*
    146 F.3d 699 (9th Cir. 1998) .........................................................................................5

*Reyes v. Wells Fargo Bank, N.A.,*
    2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011) ...............................................13

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. Cal. 2001)..................................................................................6

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) .......................................................................................3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ..............................................................6

*Sutcliffe v. Wells Fargo Bank, N.A.*,
283 F.R.D. 533 (2012) .........................................................................13

**STATE CASES**

*Agair Inc. v. Shaeffer*,
232 Cal. App. 2d 513 (1965) .................................................................6

*Alphonzo E. Bell Corp. v. Bell View Oil Syndicate*,
46 Cal.App.2d 684 (1941) .....................................................................6

*Bower v. AT&T Mobility, LLC*,
196 Cal.App.4th 1545 (2011) ...............................................................8

*Cadlo v. Owens-Illinois, Inc.*,
125 Cal. App. 4th 513 (2004) ...............................................................8

*Carma Developers, Inc. v. Marathon Dev. Calif., Inc.*,
2 Cal. 4th 342 (1992) .....................................................................10, 11

*Edwards v. Comstock Insurance Co.*,
205 Cal.App.3d 1164 (1988) ...............................................................7

*Farmers Ins. Exch. v. Super. Court*,
2 Cal. 4th 377 (1992) ..........................................................................9

*Fields v. Napa Milling Co.*,
164 Cal.App.2d 442 (1958) ..................................................................8

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) ..............................................................8

*Ingels v. Westwood One Broad. Servs., Inc.*,
129 Cal. App. 4th 1050 (2005) ............................................................9

*Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*,
23 Cal.4th 305 (2000) ........................................................................12

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
60 Cal.App.3d 885 (1976) ..................................................................12

*Lazar v. Superior Court*,
12 Cal.4th 631 (1996) ......................................................................7, 8

*Lueras v. BAC Home Loans Servicing, LP*,
221 Cal. App. 4th 49 (2013) .......................................................4, 5, 11

*McAllister v. Clement*,
   75 Cal. 182 (1888) ...................................................................................8

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*,
   6 Cal. 3d 176 (1971) ...............................................................................5

*Nguyen v. Calhoun*,
   105 Cal.App.4th 428 (2003) ....................................................................10

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
   231 Cal.App.3d 1089 (1991) ...............................................................4, 11

*Perlas v. GMAC Mortg., LLC*,
   187 Cal. App. 4th 429 (2010) ...................................................................3

*Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*,
   11 Cal. App. 4th 1026 (1992) ...........................................................10, 11

*Ragland v. U.S. Bank National Assn.*,
   209 Cal.App.4th 182 (2012) ....................................................................11

*Secrest v. Security Nat'l Mortg. Loan Trust 2002*,
   167 Cal. App. 4th 544 (2008) ..................................................................10

*Wagner v. Benson*,
   101 Cal. App. 3d 27 (1980) .......................................................................4

*Weiner v. Fleishman*,
   54 Cal.3d 476 (1991) ............................................................................4, 5

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................................8, 9

Cal. Bus. & Prof. Code § 17200, *et seq.* .....................................................6, 9

Cal. Bus. & Prof. Code § 17208 .......................................................................6

Cal. Civ. Code § 1624 .....................................................................................10

Cal. Civ. Code § 1924(a)(3) .............................................................................10

Cal. Civ. Code § 2922 .....................................................................................10

Cal. Code Civ. Proc. § 338(d) ...........................................................................6

Cal. Code Civ. Proc. § 339 ...............................................................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**RULES**

Rule 9(b) ....................................................................................................................................7

Rule 12(b)(6)..............................................................................................................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

<strong>1.   <u>INTRODUCTION</u></strong>

This action arises from a $360,000 secured loan that Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor, World Savings Bank, FSB ("World Savings"), made to plaintiff in September 2005.  Plaintiff defaulted on the loan triggering non-judicial foreclosure proceedings against the property pledged to secure the loan.

Now, nearly five years after obtaining a modification of the loan, plaintiff filed this action claiming she was induced "into entering into the predatory loan modification" and is "susceptible for becoming delinquent and falling into default."  (Comp. ¶ 46.)

For the reasons briefed below, the complaint should be dismissed without leave to amend.  Among other defects, plaintiff's claims are time-barred, contradicted by judicially noticeable documents, and/or otherwise not cognizable as a matter of law.  The motion should be granted accordingly.

**2.   <u>SUMMARY OF PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS</u>**

**A.   <u>The Loan.</u>**

On September 7, 2005, plaintiff borrowed $360,000 from World Savings.  The loan was secured by a deed of trust recorded against 7065 Riverside Boulevard, Sacramento, California 95831 (the "Property").  A true and correct copy of the deed of trust is attached to the accompanying Request for Judicial Notice ("RJN") as Exhibit A.

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009.  (RJN, Exhs. B, C, D, E, and F are true and correct copies of: (i) a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the letterhead of the OTS authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007 signed by the OTS, (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. and (v) a page from

2   the F.D.I.C. website showing a history of World Savings and its merger with Wells Fargo.)

3        In July 2009, the parties modified the loan pursuant to the terms of a modification

4   agreement ("Modification Agreement"), a true and correct copy of which is attached to the RJN

5   as Exhibit G.

6   **B.**    **Plaintiff's Default and Non-Judicial Foreclosure Proceedings.**

7        Plaintiff defaulted on the loan in or around November 2013, and on April 1, 2014, Wells

8   Fargo caused a notice of default to be recorded in the Sacramento County Recorder's Office.

9   (RJN, Exh. H is a true and correct copy of the notice of default.)

10  **C.**    **Plaintiff's Claims.**

11       In the complaint, plaintiff basically alleges three claims which are carried forward

12  through all claims for relief:

13      •   Plaintiff alleges that "she was told she was receiving a loan modification with a

14         fixed rate."  (Comp. ¶ 11);

15      •   "The loan modification terms ended up being a five year interest-only

16         modification with the interest rate starting at 2.500%..." and will "sky rocket to

17         $2,221.58 with an interest rate of 6.148%."  (Comp. ¶¶ 11-12); and

18      •   "Defendants' usurious and continuously escalating interest rate has caused her

19         damage, resulting in her inability to stay current on her mortgage."  (Comp. ¶ 15.)

20      As briefed below, none of plaintiff's seven claims for relief is actionable.

21            **3.**    **STANDARD GOVERNING MOTION**

22      Although the complaint need not contain detailed allegations, its "[f]actual allegations

23  must be enough to raise a right to relief above the speculative level . . . on the assumption that

24  all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v.*

25  *Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis added).  In short, it must allege "enough

26  facts to state a claim to relief that is plausible on its face."  *Id.*, at 570.  The "plausibility"

27  requirement governs complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662,

28  883-884 (2009).

Anglin Flewelling Rasmussen Campbell & Trytten llp

setting

1    In determining the "plausibility" of a complaint, the court must first identify which

2    statements in the complaint are factual allegations and which are legal conclusions.  Courts are

3    not bound to accept as true allegations that are legal conclusions, even if cast in the form of

4    factual allegations.  *Ashcroft, supra*, at 884.  Second, the court, drawing "on its judicial

5    experience and common sense," must decide in the specific context of the case whether the

6    factual allegations, if assumed true, allege a plausible claim.  *Id.*  The plausibility standard is not

7    the equivalent to a "probability requirement," but requires more than a mere possibility that the

8    defendant has acted unlawfully.  *Id.*

9    Moreover, the factual allegations in the complaint must be sufficient to nudge plaintiff's

10   "claims across the line from conceivable to plausible . . ."  *Bell Atlantic Corp., supra*, at 570.

11   Under the standards adopted by the Supreme Court, in order to be entitled to the presumption of

12   truth, the complaint "must contain allegations of underlying facts to give fair notice and to enable

13   the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

14   2011).

15   **4.    PLAINTIFF'S CLAIMS DISPUTING THE MODIFICATION AGREEMENT ARE**

16   **NOT ACTIONABLE AS A MATTER OF LAW**

17   **A.    A Lender Does Not Guarantee A Borrower's Ability To Meet Her Loan Obligations.**

18   As a threshold matter, plaintiff's claim that Wells Fargo "induce[d] Plaintiff to enter into

19   a loan modification for which she did not qualify and could not afford to sustain over time" is not

20   actionable as a matter of law.  (Comp. ¶ 2a.)

21   In *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429 (2010), the court determined that

22   a lender does not owe a borrower any duty of care to ensure borrower's financial ability to repay

23   a loan.  In *Perlas*, the plaintiffs/borrowers sued under a theory that they could rely on their

24   qualification for a loan as a determination that they could in fact afford the loan.  *Id.*, at 436.  The

25   court rejected this claim, holding a lender is under no duty "to determine the borrower's ability

26   to repay the loan…the lender's efforts to determine the creditworthiness and ability to repay by a

27   borrower are for the lender's protection, not the borrower's."  (citations omitted.)  *Id.*

28   Like *Perlas*, Wells Fargo did not owe a legal duty to ensure the loan was in plaintiff's

1   financial interest.  Thus, any allegation that Wells Fargo "concealed the fact that…the payment

2   terms, conditions and provisions extended far beyond affordability" (Comp. ¶ 11) is not

3   actionable.  Moreover, a legal duty is the linchpin to support any claim for concealment (Comp.

4   ¶¶ 32-27).  *Weiner v. Fleishman*, 54 Cal.3d 476, 483 (1991).  As set forth below, no legal duty

5   existed in this case.

6   **B.      Wells Fargo Does Not Owe A Legal Duty Of Care To Plaintiff.**

7          California law is well-settled that a lender does not owe a legal duty of care to a

8   borrower.  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1095 (1991).  The

9   *Nymark* court held that: "[A]s a general rule, a financial institution owes no duty of care to a

10  borrower when the institution's involvement in the loan transaction does not exceed the scope of

11  its conventional role as a mere lender of money."  *Id.*, at 1095.  Indeed, "[l]iability to a borrower

12  for negligence arises only when the lender 'actively participates' in the financed enterprise

13  'beyond the domain of the usual money lender.'"  *Id*. (quoting *Wagner v. Benson*, 101 Cal. App.

14  3d 27, 35 (1980)).

15         Here, the complaint is devoid of facts showing Wells Fargo engaged in any conduct

16  outside of its role as lender – at the time of loan origination or the modification in 2009.  (Comp.

17  ¶ 9.)  Plaintiff's concealment claim is not actionable.

18          The Court of Appeal's decision in *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.

19  App. 4th 49 (2013) is dispositive on this very issue – holding that a lender does not owe a legal

20  duty of care to a borrower in relation with modification discussions.  In *Lueras,* the plaintiff

21  alleged claims including negligence and fraud arising from the lender's non-judicial foreclosure

22  of property after conclusion of a modification review.  The Court applied the conventional

23  "money lender" test and held that lenders do not have a common-law duty of care to offer,

24  consider, or approve a loan modification, to offer foreclosure alternatives, or to handle loans so

25  as to prevent foreclosure.  *Id.,* at 68.  The Court ruled in pertinent part:

26          We conclude a loan modification is the renegotiation of loan terms,
            which falls squarely within the scope of a lending institution's
27          conventional role as a lender of money.…  The Biakanja factors do
            not support imposition of a common law duty to offer or approve a
28          loan modification…  [or] a duty of care to handle [a borrower's] loan
            in such a way to prevent foreclosure and forfeiture of his property."

Anglin Flewelling Rasmussen Campbell & Trytten LLP

CASE NO.: 2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

*Id.,* at 63.

* * *

Accordingly, in this case, Bank of America and ReconTrust did not have a common law duty of care to offer, consider, or approve a loan modification, or to offer Lueras alternatives to foreclosure. Likewise, Bank of America and ReconTrust **did not have a duty of care to handle Lueras's loan "in such a way to prevent foreclosure and forfeiture of his property."** Their rights, duties, and obligations in those regards were set forth in the note and deed of trust, the Forbearance Agreement, federal and state statutes and regulations, and the directives and announcements of the United States Department of the Treasury and Fannie Mae. (Cf. *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 [121 Cal. Rptr. 3d 819] [" 'Because of the exhaustive nature of [the nonjudicial foreclosure] scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' "].) *Lueras, supra,* at 68 (emphasis added).

Thus, allowing any claim predicated on a legal duty would be tantamount to "read[ing] [] additional requirements into the non-judicial foreclosure statute." *Id.* When there is a duty to disclose information, a material concealment may amount to fraud. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal. 3d 176, 189 (1971). However, a duty to disclose must exist – which is lacking in the instant matter. *Weiner, supra,* at 483.

**C.    The Modification Agreement Belies Plaintiff's Allegations.**

What is more, the Modification Agreement demonstrates that the modified terms – including the interest rate increase (Comp. ¶ 11) – were not misrepresented and/or concealed but plainly set forth in the agreement.  (RJN, Exh. G.)

California law is clear that courts will not close their eyes to situations where a complaint contains allegations of fact inconsistent with attached documents, or allegations contrary to facts which are judicially noticed.  A court may consider a document on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006); *Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998) (plaintiff may not deliberately omit references to documents upon which his claim is based to survive a 12(b)(6) motion); *Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994) ("[w]e hold that documents whose contents are alleged in a complaint and whose

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

1  authenticity no party questions…may be considered in ruling on a Rule 12(b)(6) motion to

2  dismiss.")

3       Here, the Modification Agreement signed by plaintiff is at the heart of the case, and it

4  plainly sets forth the modified terms including a payment schedule showing the interest rate

5  change.  (RJN, Exh. G.)  As such, plaintiff's assertion that she "was led to believe that…her loan

6  was to be at a fixed rate" (Comp. ¶ 59) cannot survive.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d

7  1293, 1295-96 (9th Cir. 1998) ("We are not required to accept as true conclusory allegations

8  which are contradicted by documents referred to in the complaint."); *Sprewell v. Golden State*

9  *Warriors*, 266 F.3d 979, 988 (9th Cir. Cal. 2001).  Any such claim conflicts directly with the

10  express terms of the Modification Agreement and should be disregarded.  *Alphonzo E. Bell Corp.*

11  *v. Bell View Oil Syndicate*, 46 Cal.App.2d 684 (1941).  The motion should be granted on this

12  basis alone.

13       **5.   PLAINTIFF'S CLAIMS ARE TIME-BARRED**

14       As the next legal hurdle, plaintiff's dispute over the modification of her loan is time-

15  barred.  As set forth in the Modification Agreement, plaintiff agreed to the modification terms in

16  or around July 2009, *i.e.,* the time plaintiff agreed to the "predatory loan modification."  (Comp.

17  ¶ 31.)

18       As plaintiff commenced this action nearly five years after the modification, plaintiff's

19  claims for relief are time-barred:

| Claim for Relief | Statute of Limitations | Expired |
|---|---|---|
| 1.  Fraud In The Inducement<br>2.  Fraud In The Concealment<br>7.  Intentional Misrepresentation | Three years pursuant to CCP § 338(d). | July 2012 |
| 3.  Violation of Bus. & Prof. Code § 17200, *et seq.* | Four years pursuant to Bus. & Prof. Code § 17208. | July 2013 |
| 4.  Breach of Implied Covenant | Four years pursuant to CCP § 337; *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. Cal. 1991). | July 2013 |
| 5.  Negligence | Two years pursuant to CCP § 335.1. | July 2011 |
| 6.  Promissory Estoppel | Three years pursuant to CCP § 338(d); *Agair Inc. v. Shaeffer*, 232 Cal. App. 2d 513, 517 (1965). | July 2012 |

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    The action should be dismissed based on the statute of limitations.

2    **6.    ALL OF THE CLAIMS FOR RELIEF FAIL AS A MATTER OF LAW**

3    In addition to the "global" bars above belying the claims for relief of the complaint, each

4    claim fails on further grounds below.

5    **A.    First Claim for Relief: Fraud In The Inducement;**

6    **Second Claim for Relief:  Fraud In The Concealment;**

7    **Seventh Claim for Relief:  Intentional Misrepresentation.**

8    In support of these claims, plaintiff repeats allegations that Wells Fargo "failed to make

9    the proper disclosures to Plaintiff regarding the high-risk nature of her loan." (Comp. ¶

10   21.) "Defendant concealed the material feature of this loan that it was an adjustable rate and not

11   a loan in which principal and interest were paid in full monthly." (Comp. ¶ 34.)  Plaintiff also

12   claims that Wells Fargo intentionally "misled Plaintiff by failing to disclose substantial negative

13   information regarding Defendant's loan products…" (Comp. ¶ 59.)

14   Again, as discussed above, any claim for concealment fails as a matter of law based on

15   the lack of a legal duty.  The second claim should be dismissed accordingly.

16   Further, plaintiff's fraud allegations fall short of the specificity required under Rule 9(b).

17   Where, as here, fraud is alleged against a corporation, the complaint must also allege: (1) the

18   names of the persons who made the misrepresentations; (2) their authority to speak for the

19   corporation; (3) to whom they spoke; (4) what they said or wrote; and (5) when it was said or

20   written).  Every element of a claim for relief for fraud must be alleged in full, factually and

21   specifically.  *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).

22   The complaint fails to articulate any of these elements.  First, no actionable

23   misrepresentation is set forth in the pleadings.  As discussed above, no misrepresentation can

24   exist as alleged given the express terms of the Modification Agreement.  "[W]hen a person with

25   the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud

26   and imposition, bound by its contents, and is estopped from saying that its provisions are

27   contrary to his intentions or understanding…"  *Edwards v. Comstock Insurance Co.,* 205

28   Cal.App.3d 1164, 1167  (1988), quoting *Smith v. Occidental Etc. Steamship Co.*, 99 Cal. 462,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

470–471 (1893).

The complaint also fails to identify a single individual at Wells Fargo who allegedly made the misrepresentation at issue, their authority to speak, when and where the representations were made, and whether the representations were verbal or written.  *Lazar, supra,* at 645.

Further, plaintiff cannot plead facts of falsity, knowledge, or reasonable reliance.  A claim for fraud must specifically allege facts supporting reliance.  *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient.  The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.")  Here, the pleadings lack a single allegation showing plaintiff's alleged reliance.

Lastly, it is unclear what damages plaintiff may assert in this matter as the loan default triggered foreclosure proceedings and plaintiff has been unable to repay the loan.  *Fields v. Napa Milling Co.*, 164 Cal.App.2d 442, 448 (1958) ("a wrong without damage does not constitute a cause of action for damages. . .");  *McAllister v. Clement*, 75 Cal. 182, 184 (1888) ("But it is clear that no action will lie to recover damages if no damages have been sustained.")

In sum, plaintiff's fraud allegations are defective.  No facts exist supporting any fraudulent act by Wells Fargo.

**B.**     **Third Claim for Relief: Unfair  Business Practices (Violation of Business and Professions Code § 17200).**

In support of the third claim, plaintiff repeats allegations that Wells Fargo "knew that Plaintiffs [sic] would not be able to maintain the level of payments required to meet her obligations for the adjustable loan…"  (Comp. ¶ 31.)  Plaintiff is allegedly owed "restitution for all sums received by Defendant…"  (Comp. ¶ 33.)  These allegations fail for several reasons.

As a threshold matter, plaintiff lacks standing to bring an unfair competition ("UCL") claim for relief.  The pleadings are devoid of facts showing Wells Fargo caused actual loss to plaintiff – which is essential to bring an UCL claim.  *Hall v. Time, Inc*., 158 Cal. App. 4th 847 (2008); *Bower v. AT&T Mobility, LLC,* 196 Cal.App.4th 1545, 1554 (2011) (in order to establish standing under the UCL, a private plaintiff must "(1) establish a loss or deprivation of money or

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

1   property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that economic

2   injury was the result thereof, i.e. cause by, the unfair business practice…")

3        Here, plaintiff did not suffer an actual loss, as she borrowed money in 2005 and has not

4   repaid the loan.  Plaintiff therefore lacks standing to bring a UCL claim.  *DeLeon v. Wells Fargo*

5   *Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010) ("the facts alleged suggest that Plaintiffs lost

6   their home because they became unable to keep up with monthly payments and lacked the

7   financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in

8   a loss of money or property.  For this reason, Plaintiffs lack standing to sue under the UCL, and

9   the claim must be dismissed.")  As plaintiff cannot articulate a financial loss, the UCL claim fails

10  from the onset.

11       Not only does plaintiff lack standing, but she cannot borrow from other allegations of the

12  complaint to support an unlawful business practice.  "[A]n action based on [the UCL] to redress

13  an unlawful business practice 'borrows' violations of other laws and treats these violations…as

14  unlawful practices, independently actionable under section 17200, *et seq.*, and subject to the

15  distinct remedies provided thereunder."  *Farmers Ins. Exch. v. Super. Court,* 2 Cal. 4th 377, 383,

16  (1992) (quotations and citations omitted); *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d

17  1042, 1048 (9th Cir. 2000).  Where a plaintiff cannot state a claim under the "borrowed" law,

18  however, he or she cannot state a UCL claim either.  *Ingels v. Westwood One Broad. Servs., Inc.,*

19  129 Cal. App. 4th 1050, 1060, (2005) ("A defendant cannot be liable under § 17200 for

20  committing unlawful business practices without having violated another law.")

21       Here, plaintiff cannot "borrow" from allegations that she was placed in an onerous loan.

22  Again, a lender does not guarantee the financial ability of a borrower to repay a mortgage.  What

23  is more, not a single charging allegation is made showing that Wells Fargo ever made a

24  misrepresentation directly to plaintiff, regarding a modification or otherwise.

25       In short, plaintiff's UCL claim collapses for lack of a predicate act and should be

26  dismissed with prejudice.  *Cabanilla v. Wells Fargo*, 2012 U.S. Dist. LEXIS 39270, at *5 (C.D.

27  Cal. March 20, 2012) ("Because the [plaintiffs] have failed to adequately allege any illegal,

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   unlawful, or fraudulent conduct by Wachovia, they have failed to state a claim against Wachovia

2   under the UCL...As amendment would be futile, the claim is dismissed with prejudice.").

3   **C.**   **Fourth Claim for Relief: Breach of Covenant of Good Faith & Fair Dealing.**

4          In support of the fourth claim, plaintiff repeats allegations that she "was led to believe

5   that after her loan modification, her loan was to be at a fixed rate and that she would not have to

6   worry about the rates increasing."  (Comp. ¶ 37.)  According to plaintiff, Wells Fargo has

7   received a benefit from the high interest rate and increase in mortgage payments that were paid

8   by Plaintiff."  (Comp. ¶ 38.)  These allegations are defective.

9          The elements of a claim for breach of the covenant of good faith and fair dealing are

10  identical to those for breach of contract, including pleading the contract, plaintiff's own

11  performance or excuse for nonperformance, the defendant's breach, and the resulting damages to

12  plaintiff, except that, as opposed to the breach of an express term, the plaintiff must plead that the

13  defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract as

14  expressed; and the plaintiff was harmed by the defendant's conduct.  *Carma Developers, Inc. v.*

15  *Marathon Dev. Calif., Inc.*, 2 Cal. 4th 342, 371-75 (1992); *Racine & Laramie, Ltd. v. Dept. of*

    *Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32 (1992).

16         Here, there are no allegations demonstrating that Wells Fargo breached any implied

17  covenant.  There is no contract and/or express provision that plaintiff be placed in an

18  "affordable" loan or is somehow entitled to an "affordable" loan modification.  Accordingly,

19  Wells Fargo cannot be found to have "unfairly interfered" with any express benefit to plaintiff.

20         Further, any allegation that plaintiff was orally promised a fixed rate modification is not

21  only unreasonable – given the express Modification Agreement – but it is barred by the statute of

22  frauds regardless.  Pursuant to Civil Code § 2922, a mortgage can be created, renewed or

23  extended only by a writing, executed with the same formalities required in the case of a grant of

24  real property.  Civ. Code §1924(a)(3); *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 444 (2003).

25  Therefore, any purported representation to modify the terms of a mortgage loan is invalid unless

26  it is memorialized by a writing and signed by Wells Fargo.  Civ. Code § 1624; *Secrest v.*

27  *Security Nat'l Mortg. Loan Trust 2002*, 167 Cal. App. 4th 544, 552-554 (2008).  The statute of

28  frauds is treated as a rule of evidence which prohibits the introduction of testimony or other

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

1    evidence to prove an alleged agreement at the time of trial, or on demurrer.  *Id.*, at 551-552.  Any

2    contract-based claim collapses accordingly.

3         What is more, Wells Fargo is merely enforcing its contractual rights under the parties'

4    loan agreement.  There can be no claim for breach of the implied covenant as a result.  *Carma*

5    *Developers, Inc., supra,* at 374; (implied terms should never be read to vary express terms);

6    *Racine & Laramie, Ltd. , supra,* at 1034 (the implied covenant of good faith and fair dealing is

7    limited to assuring compliance with the *express terms* of the contract, and cannot be extended to

8    create obligations not contemplated by the contract.)  Wells Fargo cannot be found to have

9    "breached" any covenant as alleged.

**D.    Fifth Claim for Relief: Negligence.**

10        In support of the fifth claim, plaintiff alleges that Wells Fargo was negligent in its

11   issuance of the modification.  The complaint states that a legal duty of care arises "when a lender

12   requests supporting documents from a borrower in order to effectuate a loan modification."

13   According to plaintiff, Wells Fargo breached its duty because "Plaintiff was not apprised of all of

14   the terms of the loan modification" and entered into the Modification Agreement "without full

15   knowledge of the terms…" (Comp. ¶ 46.)

16        These allegations are without merit as discussed in section 4B, *supra.*  Again*,* the

17   California Court of Appeal made clear that lenders such as Wells Fargo do not owe a legal duty

18   to its borrowers in connection with a loan modification.  *Lueras, supra,* at 68; *Ragland v. U.S.*

19   *Bank National Assn.,* 209 Cal.App.4th 182, 207 (2012) (loan modification discussions are within

20   the scope of a conventional role as a lender and does not support a lender duty in negligence).

21   No facts are pled showing Wells Fargo ever exceeded its role as a conventional lender giving rise

22   to a legal duty of care.  *Nymark, supra,* at 1096.  The motion should be should be granted as a

23   result.

**E.    Sixth Claim for Relief: Promissory Estoppel.**

24        Here, plaintiff claims that she "believ[ed] that the party [she] was contracting with will

25   not lie to [her] about the loan modification [she is] being provided…"  (Comp.  ¶ 52.)  Plaintiff

26   claims that injustice "can only be avoided if Defendants are required to give Plaintiff a fair and

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    reasonable modification containing fixed terms that allow Plaintiff the ability to become and

2    remain current on her loan." (Comp. ¶ 53.)  These allegations fail to articulate a promissory

3    estoppel claim.

4         As a preliminary matter, there is no California or federal law mandating a modification of

5    the loan to allow plaintiff to become "current."[1]  Accordingly, plaintiff's contention that Wells

6    Fargo is "required to give Plaintiff a fair and reasonable modification containing fixed terms" is

7    not actionable. (Comp. ¶ 52.)

8         Furthermore, the complaint fails to articulate each element in support of a promissory

9    estoppel claim, which requires: "(1) a promise clear and unambiguous in its terms; (2) reliance

10   by the party to whom the promise is made; (3) his reliance must be reasonable and foreseeable;

11   and (4) the party asserting the estoppel must be injured by his reliance." *Laks v. Coast Fed. Sav.*

12   *& Loan Ass'n*, 60 Cal.App.3d 885, 890 (1976).  This doctrine "employs equitable principles to

13   satisfy the requirement that consideration must be given in exchange for the promise sought to be

14   enforced.'" *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.,* 23 Cal.4th 305,

15   340 (2000).

16        First, there is no clear promise and/or unambiguous terms related to a modification other

17   than the terms set forth in the Modification Agreement.  This judicially noticeable document

18   makes clear that no promise of a "fixed rate" (Comp. ¶ 52) was ever given.  Rather, the

19   Modification Agreement shows that plaintiff in fact agreed to the very terms she seeks to dispute

20   in this case.

21        The complaint also fails to plead detrimental reliance.  In *Nong v. Wells Fargo Bank,*

22

---

23   [1] For example, the Home Affordable Modification Program ("HAMP") only requires that
     "[p]articipating servicers…*consider* all eligible loans under the program guidelines unless
24   prohibited by the rules of the applicable PSA and/or other investor servicing
     agreements." *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, at *7
25   (S.D. Cal. Dec. 15, 2009) (emphasis added); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist.
     LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) ("the HAMP agreement did not require loan
26   servicers to modify eligible loans; thus . . . the borrowers lacked standing to enforce the
     agreement.")  Similarly, the Home Owners Bill of Rights is explicit that its provisions only
27   require a process, and that "[n]othing in the act…shall be interpreted to require a particular result
     of that process" including the modification of a loan. Cal. Civ. Code § 2923.4(a).
28

1  *N.A., et al.*, 2010 U.S. Dist. Lexis 136464, at **8-10. (C.D. Cal. Nov. 22, 2010), the plaintiff

2  asserted promissory estoppel alleging the lender's foreclosure was improper as she was told that

3  she was being reviewed for a modification.  However, the court dismissed the action as the

4  plaintiff failed to establish "[she] would have been successful in delaying the foreclosure sale,

5  renegotiating her loan, and retaining possession of her home."  *Id.,* at *9 (the complaint lacks "a

6  connection between her reliance in the alleged promise and losing her home to sustain her claim

7  for estoppel") (citing *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *18

8  (S.D. Mar. 2, 2010)).

9         Here, it is unequivocal that plaintiff is unable to "renegotiate" and/or otherwise fully

10  reinstate the loan – as plaintiff admits falling behind on her original mortgage payments (Comp.

11  ¶ 9).  *Nong, supra,* at **8-10.  Thus any claim that plaintiff 'justifiably relied' on an alleged

12  promise is legally defective.  *Crews v. Wachovia Mortg. Corp.,* 2010 U.S. Dist. Lexis 776600, at

13  **10-11 (C.D. Cal. July 23, 2010) (no reliance found because the plaintiff could not prove that

14  "but for the alleged fraudulent promise to modify the loan, Plaintiff would and could have

15  satisfied her mortgage obligations.")

16         Lastly, plaintiff fails to demonstrate damages.  Any allegation that plaintiff "[fell] behind

17  in payments" (Comp. ¶ 37) does "not constitute damages because plaintiff[s] had a preexisting

18  duty to make payments on their loan."  *Sutcliffe v. Wells Fargo Bank, N.A.,* 283 F.R.D. 533, 553

19  (2012); *Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235, at *48 (N.D. Cal. Jan. 3,

20  2011) ("It is well established…that where the money paid under an agreement was already owed

21  under a prior agreement, it is not consideration and cannot support a claim for damages.").

22         Similarly, any claim that plaintiff incurred other "expenses related to protecting herself,

23  including reduced credit scores, unavailability of credit, increased costs of credit…as well as fees

24  and costs, including, without limitation, attorneys' fees and costs" (Comp. ¶ 37) fails to articulate

25  a "palpable injury."  As held in *Gerbery v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS

26  107744, at *6 (S.D. Cal. July 31, 2013):

27         The FAC states that damages have been incurred to Plaintiffs' real
           property, that their home is at risk of being foreclosed, that they gave
28         up opportunities to obtain an alternative loan with more favorable
           terms, and that they had to "expend monies to attempt to prevent the

CASE NO.: 2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1     loss of their home by hiring counsel and experts." [FAC ¶ 39.] These
      general allegations do not sufficiently allege a distinct and palpable
2     injury. For example, Plaintiffs do not provide any facts that specify
      what damages have been incurred to their property or why they hired
3     experts. Plaintiffs do not allege [*20] when their mortgage payments
      rose to $3530.40 per month, or on what basis Plaintiffs believe their
4     home to be at risk of foreclosure. Furthermore, Plaintiffs' alleged
      loss of opportunities to obtain an alternative loan is a hypothetical
5     injury, since the FAC provides no details of other loans available to
      them, whether they sought quotes from other lenders, or whether
6     other lenders had offered more favorable loan terms to borrowers
      with credit ratings similar to Plaintiffs'.

7
          In short, plaintiff fails to articulate the necessary elements in support of a promissory
8
   estoppel claim.
9
                                    7.    **CONCLUSION**
10
          For all of the foregoing reasons, Wells Fargo respectfully requests an order granting the
11
   motion and dismissing all claims for relief without leave to amend.
12
                                              Respectfully submitted,
13
   Dated: June 16, 2014                       ANGLIN, FLEWELLING, RASMUSSEN,
14                                               CAMPBELL & TRYTTEN LLP

15
                                              By:   _/s/ D. Dennis La_____
16                                                 D. Dennis La
                                                   dla@afrct.com
17                                            Attorneys for Defendant
                                              WELLS FARGO BANK, N.A., successor by
18                                            merger with Wells Fargo Bank Southwest, N.A.,
                                              f/k/a Wachovia Mortgage, FSB, f/k/a World
19                                            Savings Bank, FSB ("Wells Fargo")

20

21

22

23

24

25

26

27

28

CASE NO.:  2:14-CV-01386-JAM-KJN
MEMO. OF POINTS AND AUTHORITIES

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| *Served Electronically Via the Court's CM/ECF System:* | *Served By Means Other Than Electronically Via the Court's CM/ECF System: BY MAIL* |
|---|---|
| *Counsel for Plaintiff:* | *Counsel for Plaintiff:* |
| Erickson M. Davis | Joshua M. Biletsky |
| REAL ESTATE LAW CENTER, PC | REAL ESTATE LAW CENTER, PC |
| 695 South Vermont Avenue, Suite 1100 | 695 South Vermont Avenue, Suite 1100 |
| Los Angeles, California 90005 | Los Angeles, California 90005 |
| Tel: (213) 201-6377 | Fax: (213) 281-9627 | Tel: (213) 201-6377 | Fax: (213) 281-9627 |
| erickson@lenderlawlitigation.com | Joshua@lenderlawlitigation.com |

☒    **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing.  Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on June 16, 2014.

| Maureen Courtney | */s/ Maureen Courtney* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  2:14-CV-01386-JAM-KJN
CERTIFICATE OF SERVICE