UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA HINES,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, INC., a division of Wells Fargo Bank N.A.,<br><br>        Defendant. | No. 2:14-CV-01386 JAM KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

    Defendant Wells Fargo Bank ("Defendant") moves to dismiss Plaintiff Trisha Hines's ("Plaintiff") Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Plaintiff opposes the motion. For the following reasons, Defendant's motion is granted with leave to amend.[1]

    //

    //

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 20, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff secured a mortgage for her home in October 2003. Compl. ¶¶ 6-7. Unable to keep up with the monthly payments, Plaintiff sought refinancing in 2006. Compl. ¶ 8. In 2009, she alleges that she entered into a further loan modification through "West Coast Financial," a company that "worked closely with" and "act[ed] as an agent" for Defendant Wells Fargo. Compl. ¶¶ 2, 9.

The terms of Plaintiff's loan modification included monthly payments starting at $791.08, increasing annually from September 2009 to September 2014. Compl. ¶ 11; Defendant's Request for Judicial Notice ("RJN") Exh. G. The interest rate started at 2.500% and increased annually by 0.500% throughout the same five-year period. Compl. ¶ 11. Thereafter, the monthly payments and interest rates were, according to Plaintiff, "set to skyrocket to $2,221.58 with an interest rate of 6.148%." Compl. ¶ 12. Defendant has submitted a copy of a document it claims to be the Loan Modification Agreement signed by Plaintiff on July 6, 2009. See RJN at 3; id. at Exh. G.

Plaintiff alleges that Defendant's agent "steered [her] into [this] high-cost, high-risk loan modification" by concealing and misrepresenting important facts about the agreement. Compl. ¶ 13. She asserts that Defendant's agent "fail[ed] to disclose substantial negative information regarding Defendant's loan products," including that the payments would increase substantially at the end of the five-year period. Compl. ¶ 20. The agent further misinformed her that the loan modification included a fixed interest rate, whereas the true terms included the annually-increasing rate described above. Compl. ¶ 11.

2

1  Defendant also allegedly concealed the "risks" and the "predatory
2  nature" of the loan, and failed to provide "NOTICE of the new
3  terms," "a written contract," or "a chance to accept or refuse
4  the new terms."  Compl. ¶¶ 22, 30, 46.

5  Due to the loan modification's "usurious and continuously
6  escalating interest rate," Plaintiff has been unable to keep up
7  with the payments.  Compl. ¶ 14.  As of the date of filing her
8  complaint, Plaintiff was in default on her mortgage, but remained
9  in her home.  See Compl. ¶ 15; id. Exh. B.

10  Plaintiff filed suit against Defendant in Sacramento County
11  Superior Court on May 1, 2014.  Plaintiff did not name West Coast
12  Financial as a defendant, because she alleges it is no longer in
13  existence.  Compl. ¶ 5.  The Complaint contains the following
14  seven causes of action: (1) Fraud in the Inducement, (2) Fraud in
15  the Concealment, (3) Unfair Business Practices (Violation of Cal.
16  Bus. & Prof. Code § 17200 et seq.), (4) Violation of the Covenant
17  of Good Faith and Fair Dealing, (5) Negligence, (6) Promissory
18  Estoppel, and (7) Intentional Misrepresentation.  Defendant
19  removed the case to federal court on June 9, 2014, see Notice of
20  Removal (Doc. #1), and subsequently filed this motion to dismiss.

## II.  OPINION

### A.  Legal Standard

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and

3

1 | draw all reasonable inferences in favor of the plaintiff.
2 | Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
3 | grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto,
4 | 405 U.S. 319, 322 (1972).  "[T]he factual allegations that are
5 | taken as true must plausibly suggest an entitlement to relief,
6 | such that it is not unfair to require the opposing party to be
7 | subjected to the expense of discovery and continued litigation."
8 | Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Assertions
9 | that are mere "legal conclusions" are therefore not entitled to
10 | the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
11 | (2009) (citing Twombly, 550 U.S. at 555).
12 |   Upon granting a motion to dismiss for failure to state a
13 | claim, a district court has discretion to allow leave to amend
14 | the complaint pursuant to Federal Rule of Civil Procedure 15(a).
15 | A court should freely grant leave to amend.  Fed. R. Civ. Pro.
16 | 15(a)(2).  A court "is generally required to grant the plaintiff
17 | leave to amend, even if no request to amend the pleading was
18 | made, unless amendment would be futile." Cook, Perkiss & Liehe,
19 | Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th
20 | Cir. 1990).  Amendment is not futile if the plaintiff could
21 | "cure the defect requiring dismissal 'without contradicting any
22 | of the allegations of [the] original complaint.'" Plascencia v.
23 | Lending 1st Mortgage, 583 F. Supp. 2d 1090, 1095 (N.D. Cal.
24 | 2008) (quoting Reddy v. Litton Indus., Inc., 912 F.2d 291, 296
25 | (9th Cir. 1990)).
26 |   B.   Judicial Notice
27 |   As an initial matter, Defendant requests that this Court
28 | take judicial notice of eight documents, detailed below.

4

1  Plaintiff has not objected to the request nor disputed the
2  documents' authenticity.
3       Generally, the Court may not consider material beyond the
4  pleadings in ruling on a motion to dismiss.  However, the Court
5  may take judicial notice of matters of public record, provided
6  that they are not subject to reasonable dispute.  Fed. R. Evid.
7  201; see Santa Monica Food Not Bombs v. City of Santa Monica,
8  450 F.3d 1022, 1025 n.2 (9th Cir. 2006); Lee v. City of Los
9  Angeles, 250 F.3d 662, 689 (9th Cir. 2001).
10      Moreover, under the doctrine of incorporation by reference,
11 the Court may consider a document that a plaintiff "necessarily"
12 relied on in the complaint if "(1) the complaint refers to the
13 document; (2) the document is central to the plaintiff's claim;
14 and (3) no party questions the authenticity of the copy attached
15 to the 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448
16 (9th Cir. 2006).  "The defendant may offer such a document, and
17 the district court may treat such a document as part of the
18 complaint, and thus may assume that its contents are true for
19 purposes of a motion to dismiss under Rule 12(b)(6)."  United
20 States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
21      Defendant first argues that the Court should take judicial
22 notice of (1) a Deed of Trust recorded on September 15, 2005 in
23 the Sacramento County Recorder's Office and (2) a Notice of
24 Default and Election to Sell Under Deed of Trust similarly
25 recorded on April 1, 2014.  RJN at 2-3.  Documents recorded in
26 the Sacramento County Recorder's Office are in the public
27 record; therefore they are the proper subject of judicial
28 notice.

5

1    Next, Defendant argues for judicial notice of (3) a
2 Certificate of Corporate Existence dated April 21, 2006, issued
3 by the Office of Thrift Supervision, Department of the Treasury;
4 (4) a letter from the Department of the Treasury to Wachovia
5 Corporation authorizing a name change; (5) the Charter of
6 Wachovia Mortgage FSB; and (6) a certification of conversion to
7 a national bank by the Comptroller of the Currency.  RJN at 2-3.
8 Defendant argues that these documents "reflect[] official acts
9 of the executive branch of the United States and the State of
10 California . . . ."  RJN at 3:17-18.  These documents may be
11 properly judicially noticed.  See, e.g., Hite v. Wachovia
12 Mortgage, 2010 U.S. Dist. LEXIS 57732, at *6-*7 (E.D. Cal. June
13 11, 2010) (taking judicial notice of nearly identical documents
14 and collecting sources noticing similar documents).
15    Defendant also requests judicial notice of (7) a printout
16 from http://research.fdic.gov detailing the "History of World
17 Savings Bank."  RJN at 2-3.  A court may properly notice
18 information obtained from government websites.  Mitchell v.
19 Wells Fargo Bank, N.A., 2014 U.S. Dist. LEXIS 7803, at *9 (N.D.
20 Cal. Jan. 21, 2014) (noticing a nearly identical document);
21 Paralyzed Veterans of Am. v. McPherson, 2008 U.S. Dist. LEXIS
22 69542, at *7 (N.D. Cal. Sept. 9, 2008) (collecting sources).
23 Therefore, judicial notice is proper for this document.
24    Finally, Defendant requests that the court consider (8) a
25 document entitled "Loan Modification Agreement" dated July 6,
26 2009.  RJN Exh. G.  Defendant states that this document is the
27 loan modification agreement referenced in the complaint.  RJN at
28 3-4.  The Court has taken judicial notice of this document since

it meets the requirements of Marder, supra, 450 F.3d at 448.

 C. Analysis

  1. First Cause of Action: Fraud in the Inducement

 Plaintiff first alleges fraud in the inducement. Compl. ¶¶ 17-26. Defendant argues that this action is foreclosed by the statute of limitations set forth in California Code of Civil Procedure § 338(d). Mot. at 6. Plaintiff counters that the statute of limitations was tolled because she did not discover the alleged fraud until 2012. Opp. at 5.

 A plaintiff must bring claims for fraud within three years of accrual of the cause of action. Cal. Code. Civ. Pro. § 338(d). Such cause of action accrues either when all elements are complete or when "the aggrieved party [] [discovers] the facts constituting fraud[.]" Id.; Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002); Nogart v. Upjohn Co., 21 Cal.4th 383, 397 (1999). A plaintiff must plead and prove that she did not make the discovery until within three years of filing the complaint. Samuels v. Mix, 22 Cal.4th 1, 14 (1999). Specifically, the pleadings must demonstrate with "particularity" "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Camsi IV v. Hunter Tech. Corp., 230 Cal.App.3d 1525, 1536-37 (1991); Casualty Ins. Co. v. Rees Investment Co., 14 Cal.App.3d 716, 719 (1971).

 Defendant argues that Plaintiff's cause of action for fraud in the inducement accrued in July 2009. Defendant is correct that — in the absence of delayed discovery — Plaintiff's claim accrued in July 2009. Indeed, the final element of Plaintiff's

claim occurred when she suffered injury by entering into the "high-cost" and "usurious" loan modification on June 6, 2009. See Compl. ¶ 13; Nogart, 21 Cal.4th at 397.  Plaintiff's cause of action therefore accrued at that the time of signing.  See Bonyadi v. CitiMortgage, Inc., 2013 WL 2898143, at *4 (C.D. Cal. June 10, 2013) ("[P]laintiff's cause of action accrued at the time she received her allegedly fraudulent loan . . . .").

This action commenced on May 1, 2014 — over four years after the parties entered into the agreement.  Plaintiff's claim, therefore, is barred by the three-year statute of limitations unless Plaintiff can demonstrate delayed discovery.

Plaintiff has not pled facts sufficient to establish delayed discovery.  In her opposition to this motion to dismiss, Plaintiff states that she did not find out that her interest rate was variable until 2012.  Opp. at 5.  According to Plaintiff, she found out at that time because "her interest rate continued to increase[.]"  Id. at 5:13-17.  However, these allegations do not appear in the complaint itself.  Moreover, they do not explain why she did not find out that the interest rate was variable when it increased in both 2010 and 2011.  See Compl. ¶ 11 (showing an increased interest rate of 3.000% and 3.500% in 2010 and 2011 respectively).

Plaintiff has also failed to assert or explain an "inability to have made earlier discovery despite reasonable diligence."  See Camsi IV, 230 Cal.App.3d at 1536.  As Defendant points out, Plaintiff appears to have had access to a document that would reveal the alleged fraud: the Modification Agreement. Indeed, Plaintiff does not dispute that the Agreement contains

8

1  the correct terms regarding the interest rate, about which
2  Defendant allegedly misled her; nor does she dispute that it
3  contains her signature.  Plaintiff does assert that Defendant
4  did not "provid[e] a written contract."  See Compl. ¶ 45.
5  However this allegation is contradicted by her reference
6  elsewhere in the complaint to "signing the loan modification,"
7  indicating that she had access to the written document at least
8  at the time of signing.  See Compl. ¶ 11.  Thus, Plaintiff has
9  not sufficiently explained why she could not learn of the true
10 interest rate from the Modification Agreement despite having
11 access to it.  See Casualty Ins. Co., 14 Cal.App.3d at 719
12 (concluding that plaintiff had not sufficiently pled its failure
13 to discover the allegedly unfair terms in a lease, because the
14 complaint did not address the fact that plaintiff had access to
15 that lease agreement for over five years).

16      Defendant argues that, by signing the Modification
17 Agreement, Plaintiff is "estopped from claiming that they are
18 [sic] entitled to delayed discovery."  Mot. at 4:11-12.  For
19 this proposition, Defendant relies on Edwards v. Comstock
20 Insurance Co., 205 Cal.App.3d 1164, 1167 (1988), and Smith v.
21 Occidental Etc. Steamship Co., 99 Cal. 462, 470-71 (1893).

22      Neither case supports Defendant's position.  In Edwards,
23 the court considered the admissibility of parol evidence
24 regarding the meaning of "all claims" in a contract.  205 Cal
25 App. at 1167.  That case does not hold that a person who signs a
26 document is estopped from asserting lack of knowledge of its
27 terms.  To the contrary, the Edwards court enumerated several
28 reasons why such a person could lack knowledge.  See id. at

1168.  Similarly, the Smith court concluded that a party did not assent to a contract when he signed the document because he was "ignorant of [its] contents" due to physical incapacity and ongoing pain.  See Smith, 99 Cal. at 470.  This Court therefore finds Defendant's theory of estoppel unpersuasive.  Plaintiff is not estopped from further clarifying her claim that she did not discover the fraud until 2012.

Because Plaintiff's lack of knowledge is not squarely contradicted by the complaint, cf. Edwards, 205 Cal. App. 3d at 1168 (1988) (enumerating reasons why a person who signs a document could lack knowledge of its content), this Court must liberally grant leave to amend.  See Plascencia, 583 F. Supp. 2d at 1095 (citing Reddy, 912 F.2d at 296).  See also Eminence Capital, LLC v. Asperon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Ohlsen v. Bank of Am., 2012 WL 3285587, at *3 n.3 (D. Idaho Aug. 10, 2012) (reiterating that Ninth Circuit's policy of liberally granting leave to amend survived Iqbal, 556 U.S. 662, and Twombly, 550 U.S. 544).  Accordingly, the Court DISMISSES Plaintiff's first cause of action WITH LEAVE TO AMEND.

2. Second Cause of Action: Fraud in the Concealment

Plaintiff's second cause of action is fraud in the concealment.  Compl. ¶¶ 32-37.  Defendant argues that this cause of action is foreclosed by the same statute of limitations set forth in California Code of Civil Procedure § 338(d).  Mot. at 6.  As with her first cause of action, Plaintiff counters that the statute of limitations was tolled by late discovery of the fraud.  Opp. at 5.

Defendant is correct regarding section 338(d), which

governs actions "for relief on the ground of fraud or mistake." Cal. Code Civ. Proc. § 338(d). As discussed above, Plaintiff must plead with particularity that she first discovered "the facts constituting the fraud or mistake" within three years of filing this action. Samuels, 22 Cal.4th at 14; Casualty Ins. Co., 14 Cal.App.3d at 719. Plaintiff has not pled such facts, although she has suggested in her papers that she did not discover the fraud until 2012. Opp. at 5. Therefore, Plaintiff's second cause of action is DISMISSED WITH LEAVE TO AMEND.

        3. <u>Third Cause of Action: Unfair Business Practices</u>

In her third claim, Plaintiff alleges that Defendant engaged in unfair business practices in violation of California Business and Professions Code § 17200 et seq. ("UCL"). Compl. ¶¶ 27-34. Defendant argues that this claim is barred by the four-year statute of limitations articulated in California Business and Professions Code § 17208. Mot. at 6.

A UCL claim accrues upon completion of the last element of the alleged violation. Aryeh v. Canon Bus. Solutions, Inc., 55 Cal.4th 1185, 1197 (2013) (concluding that UCL cause of action accrued upon injury to plaintiff). Here, Plaintiff's alleged injury occurred when Defendant deceptively induced her to enter into the Modification Agreement in July 2009. See Compl. ¶¶ 30-33; RJN Exh. G. Her cause of action, therefore, accrued in July 2009, over four years before filing this claim in May 2014. Thus, her claim is barred by the statute of limitations unless she can "demonstrate [that the] claim[] survive[s] based on one or more nonstatutory exemptions to the basic limitations

period." <u>Aryeh</u>, 55 Cal.4th at 1197. These exemptions include the delayed discovery doctrine. <u>Id.</u> at 1195.

As discussed above, Plaintiff has raised the possibility that she could not discover the wrongful conduct until 2012, but she has not sufficiently pled delayed discovery. Accordingly, Plaintiff's third cause of action is DISMISSED WITH LEAVE TO AMEND.

### 4. <u>Fourth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff alleges that Defendant breached the covenant of good faith and fair dealing by "le[ading] [her] to believe that after her loan modification, her loan was to be at a fixed rate . . . ." Compl. ¶ 37. Defendant asserts that this claim is barred by the statute of limitations. Mot. at 6.

A claim for breach of the implied covenant of good faith and fair dealing is governed by the four-year statute of limitations provided in California Civil Procedure Code § 337(1). <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 208 (9th Cir. 1991). This claim accrued when Plaintiff entered into the loan modification agreement with Defendant. See <u>Pascual v. Wells Fargo Bank, N.A.</u>, 2013 WL 4066946, at *4 (N.D. Cal. Aug. 8, 2013) (concluding that similar claim accrued upon entering into the loan).

Plaintiff filed this action over four years after signing the Modification Agreement, so this claim is time barred unless Plaintiff can adequately demonstrate delayed discovery. See, <u>e.g.</u>, <u>Perez-Encinas v. Amerus Life Ins. Co.</u>, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. July 26, 2006) (recognizing availability

12

of delayed discovery doctrine for this cause of action; collecting sources). For the reasons stated above regarding the previous three causes of action, Plaintiff has not adequately pled delayed discovery. Her fourth claim is therefore DISMISSED WITH LEAVE TO AMEND.

### 5. Fifth Cause of Action: Negligence

Plaintiff labels her fifth claim "Negligence." The allegations under that heading appear to relate to professional negligence. See Compl. ¶¶ 42-49. Specifically, Plaintiff asserts that Defendant did not meet the "duties of reasonable care" including "giving the borrower NOTICE of the new terms," "providing a written contract," and "giving the borrower a chance to accept or refuse the new terms," which caused her to be injured by "high interest rate[s] and monthly payment[s]." Compl. ¶¶ 45, 47; see Cyr v. McGovran, 206 Cal.App.4th 645, 651 (2012) ("The elements of a cause of action for professional negligence are failure to use the skill and care that a reasonably careful professional operating in the field would have used in similar circumstances, which failure proximately causes damage to plaintiff.") (quoting Thomson v. Canyon, 198 Cal.App.4th. 594 (2011)). Defendant argues that this claim is time-barred pursuant to California Code of Civil Procedure § 335.1. Mot. at 6.

A claim for professional negligence is limited by California Code of Civil Procedure § 339(1)'s two-year limitations period. Cyr, 206 Cal. App. 4th at 651. The action accrues when a plaintiff "sustains damages" or upon discovery of the pertinent facts. Cal. Code Civ. Proc. § 339(1); Heighley v. J.C. Penney

Life. Ins. Co., 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003); Cyr, 206 Cal. App. 4th at 652.

Once again, Plaintiff's alleged injury occurred more than four years before filing this action and Plaintiff's claim is time-barred unless she can demonstrate that she did not discover the relevant facts until within two years of filing. Because the complaint does not contain adequate facts to support a theory of delayed discovery, the fifth claim is DISMISSED WITH LEAVE TO AMEND.

### 6. Sixth Cause of Action: Promissory Estoppel

Plaintiff asserts a cause of action of promissory estoppel. Compl. ¶¶ 50-54. Defendant again argues that the claim is time-barred pursuant to California Code of Civil Procedure § 338(d). Mot. at 6.

Where "the gravamen of [a claim of] promissory estoppel is fraud," the claim is subject to a three-year statute of limitations under California Code of Civil Procedure § 338(d). Ferguson v. JPMorgan Chase Bank, N.A., 2014 WL 2118527, at *6 (E.D. Cal. May 21, 2014) (citing Agair Inc. v. Shaeffer, 232 Cal. App. 2d. 513 (1965)). In Ferguson, the plaintiffs alleged promissory estoppel where the defendant bank had "fraudulently induced [them] to participate in the [loan] modification process instead of seeking other alternative[.]" Id. Noting additionally that the promissory estoppel claim incorporated the preceding paragraphs detailing further fraud allegations, the court concluded that the gravamen of that claim was fraud. Id. The court therefore applied the statute of limitations in California Code of Civil Procedure § 338(d). Id.; see Cal. Code

1  Civ. Pro. § 338(d) (governing causes of action "on the ground of
2  fraud").
3     The claim in Ferguson is similar to Plaintiff's claim here.
4  Plaintiff alleges that Defendant deceived her into believing that
5  the loan modification was "a fair and reasonable modification . .
6  . that allowed Plaintiff the ability to become and remain current
7  on her loans." Compl. ¶ 53. Plaintiff asserts that this
8  deception induced her to enter into the modification agreement.
9  Compl. ¶ 52. These claims mirror Ferguson's fraudulent
10 inducement allegations. Furthermore, like in Ferguson, Plaintiff
11 Hines "re-alleges and incorporate [sic] by reference" the
12 preceding allegations of fraud and misrepresentation. Compl. ¶
13 60. Therefore, the gravamen of Plaintiff's promissory estoppel
14 claim is fraud and section 338(d)'s statute of limitations
15 applies.
16     Plaintiff's claim is barred by section 338(d) unless she
17 can demonstrate delayed discovery. Plaintiff has failed to plead
18 the requisite facts. Accordingly, Plaintiff's sixth cause of
19 action is DISMISSED WITH LEAVE TO AMEND.
20           7. Seventh Cause of Action: Intentional
21              Misrepresentation
22     In her final claim, Plaintiff alleges that Defendant
23 intentionally misrepresented facts regarding the loan
24 modification. Compl. ¶¶ 55-62. Defendant asserts that this
25 claim too is time-barred. Mot. at 6.
26     This claim is also subject to California Code of Civil
27 Procedure § 338(d). See Bonyadi, 2013 WL 2898143, at *4 ("[A]
28 claim for intentional misrepresentation is grounded in fraud[.]);

Cal. Code Civ. Pro. § 338(d) (governing claims "for relief on the ground of fraud"). Thus, Plaintiff's third cause of action is subject to the same analysis as her first, second, and sixth causes of action, discussed above. Accordingly, Plaintiff's seventh claim is DISMISSED WITH LEAVE TO AMEND.[2]

## III.   ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff's amended complaint must be filed within twenty (20) days from the date of this order.  Defendant's responsive pleading is due within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: October 17, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] Defendant asserts numerous other arguments for dismissal, all of which address the merits of Plaintiff's claims. However, the Court is procedurally barred from reaching these arguments, because the respective statutes of limitations have run on each of Plaintiff's claims as currently pled.